UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:06-CV-198-R

JERRY L. BRIGHT                                                                                              PLAINTIFF

v.

DONNIE MOSES; DAVID RAY
GIBBS; FREDERICK CORNETT;
AND RUGINA LUNCE-GIBBS,                                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Donnie Moses, David Ray Gibbs, Frederick Cornett, and Rugina Lunce-Gibbs's Motion for Summary Judgment (Docket #12). Plaintiff Jerry Bright has filed a response. (Docket #16). Defendants have filed a reply (Docket #18). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is DENIED.

## BACKGROUND

On March 23, 2005, Defendant Donnie Moses, a Kentucky State Trooper, went to Plaintiff's residence to conduct an investigation unrelated to Plaintiff. Moses made the visit to question Plaintiff's girlfriend, Sherry Cambron. Upon arriving, Moses observed Cambrom smoking a marijuana cigarette. At this time, Plaintiff allowed Moses to seize a quantity of marijuana. Plaintiff states that Moses offered to not charge Bright for the seized marijuana in exchange for information concerning a marijuana growing operation in the area.

Plaintiff was then transported to a concrete building behind located behind the Lebanon Police Department. Plaintiff claims that Defendant Frederick Cornett and Defendant David

Gibbs arrived to help Moses interrogate him.

Plaintiff claims that the focus of the interrogation was on an incident that occurred between Plaintiff and Defendant Rugina Lunce-Gibbs.  Lunce-Gibbs had been injured while attempting to arrest Plaintiff.

Plaintiff then states that the three defendants began to assault and threaten him. Specifically, Plaintiff alleges that Defendant Moses pushed him and poked him with his hand. They also told Plaintiff that he did not serve enough time for injuring Lunce-Gibbs, and threatened him with "Kentucky State Police justice."

Plaintiff then accompanied Moses to the marijuana growing operation.  During that time, Plaintiff claims that Moses continued to discuss the previous incident between Plaintiff and Lunce-Gibbs.  Afterwards, Moses drove Plaintiff back to his residence.

Plaintiff claims he was nervous and fearful due to the assault and Moses's threat that things were not over yet.  Plaintiff states that during this time, he told his friends and his daughter about the events that occurred so far that day.

Later that evening, Plaintiff claims that Moses, Gibbs, Cornett, and Lunce-Gibbs entered his residence along with Deputy Tony Belcher.  Plaintiff claims he was pushed, punched, hit with a telephone book and nightstick, choked, cursed, ridiculed, and threatened.  Lunce-Gibbs choked and hit Plaintiff, while screaming that she would have to get married with scars on her arms because of what Plaintiff had done during their previous encounter.

Plaintiff was then arrested and taken to the Marion County Detention Center.  Plaintiff claims that Moses threatened him several times during the ride that he should not tell anyone about what had happened, because "snitches are found in ditches everyday."   After Plaintiff's

release from jail, he claims that he told his brother, as well as an emergency room doctor, about the events of that night.

Defendants deny any physical or verbal abuse occurred. Defendants also deny that Gibbs was present either at the concrete building behind the police station or at Plaintiff's residence.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys.*

3

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## ANALYSIS

In analyzing claims of qualified immunity, the Sixth Circuit typically employs a two-step test: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Swiecicki v. Delgado*, 463 F.3d 489, 497 (6th Cir. 2006).

Plaintiff has a constitutional right "to be free from excessive force during an arrest." *Solomon v. Auburn Hills Police Dept.*, 389 F.3d 167, 174 (6th Cir. 2004). Plaintiff has alleged that he was threatened and battered by four police officers, while he was alone, unarmed, and not resisting. If this occurred, it would be a violation of a Plaintiff's constitutional rights. Additionally, if Plaintiff's version of the facts occurred, Defendants' actions were not objectively reasonable, and the abuse was not necessary under the circumstances. Therefore, this would be a violation of a clearly established right. *Id.*

Defendants do not dispute that Plaintiff alleges a violation of a clearly established right. Instead, Defendants argue that Plaintiff does not have enough credible evidence for a reasonable jury to find that Plaintiff's version of the facts actually occurred.

In support of this argument, Defendants spend a great deal of time attacking Plaintiff's credibility. However, it is not the Court's place in deciding a motion for summary judgment to determine the credibility of a witness.

In addition to attacking Plaintiff's credibility, Defendants offer alternative explanations for Plaintiff's evidence. For example, Defendants argue that Plaintiff checked himself into a psych ward not because he was afraid of the police, but because he was afraid of the owner of

4

the building that was searched based on his statements to the police. Similarly, Defendants argue that Plaintiff mistook another officer for Defendant Gibbs, and the Gibbs was not present that night. However, the Court is required to view all evidence in the light most favorable to the non-moving party. The Court cannot use Defendant's alternative inferences and explanations as an excuse to reject Plaintiff's claims.

Defendants also argue that Plaintiff's statements to others concerning the claimed abuse are inadmissible hearsay. However, even if some of Defendant's statements are hearsay, the witnesses could still testify to Plaintiff's demeanor. In addition, it is unclear if any of the statements would fit into a hearsay exception. Finally, even without the statements from his corroborating witnesses, Plaintiff's testimony under oath concerning the abuse is "more than a mere scintilla of evidence."

Defendants concede that the factual dispute in this case is stark. One of these disputed facts is whether Plaintiff was physically and verbally abused by Defendants while in police custody. As this is a material fact that is in dispute, summary judgment is not appropriate. It the responsibility of a jury, not the Court, to ultimately decide what happened on March 23, 2005.

## CONCLUSION

For the above reasons, Defendants' Motion for Summary Judgment is DENIED.

An appropriate order shall issue.